UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRONZELL L. BATTS, ) | |
| (AKA TONY BATTS, "T-FLAKE") ) | |
| ) | No. 3:08-0033 |
| v. ) | (Crim. Case No. 3:03-00148) |
| ) | Judge Echols |
| UNITED STATES OF AMERICA ) | |

**ORDER**

Fronzell L. Batts, pro se, filed a "Petition For Reduction In Sentencing" in an effort to obtain a reduction in his crack cocaine sentence of 480 months pursuant to the retroactive amendment to the crack cocaine guideline, Amendment 706. (Docket Entry No. 1.) Although Batts stated in the petition that he sought relief under 28 U.S.C. § 2255 and the petition was docketed as such, the motion is more appropriately brought under 18 U.S.C. § 3582(c), as recognized by the Government in its response filed in opposition to the petition. (Docket Entry No. 4.) Batts filed a reply. (Docket Entry No. 10.) Batts also filed two motions seeking to ascertain the status of his case. (Docket Entry Nos. 11 & 15.)

Batts filed a prior § 2255 motion which the Court resolved on the merits. Batts v. United States, No. 3:05-1015 (M.D. Tenn. May 4, 2006). The Court construes Batts' present petition as a motion for a reduction in sentence made under 18 U.S.C. § 3582(c), even though Batts referred to § 2255 within the petition. Cf. United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) (holding motion is correctly construed as § 3582(c) motion when it seeks sentencing reduction due to guidelines amendment; motion should be construed as § 2255 motion when it attacks substance of conviction and sentence). Because the Court construes Batts' petition as a § 3582(c) motion and not a § 2255 motion, Batts is not required to obtain prior permission of the Sixth Circuit before proceeding on this motion as if it were a successive § 2255 motion.

1

On September 22, 2004, an eight-count Superseding Indictment was returned against Batts charging him with conspiracy to distribute crack cocaine (Count 1), distribution of crack cocaine (Counts 2, 4, 6, 7, & 8), and maintaining a place for the manufacture and distribution of crack cocaine (Counts 2 & 5.) United States v. Batts, No. 3:03-00148 (M.D. Tenn.). Batts entered into a plea agreement with the Government under Federal Rule of Criminal Procedure 11(c)(1)(C) and agreed to plead guilty to all eight counts in exchange for a sentence of 480 months of imprisonment and the Government's agreement to strike its notice of sentencing enhancement, which could have produced a life sentence. The Court accepted the binding plea agreement and imposed a sentence of 480 months.

In United States v. Peveler, 359 F.3d 369, 379 (6th Cir.), cert. denied, 542 U.S. 911 (2004), the Sixth Circuit held:

> absent an agreement of the parties, the plain language of the current version of Rule 11(e)(1)(C), now Rule 11(c)(1)(C), generally precludes the district court from altering the parties' agreed sentence under 18 U.S.C. § 3582(c). This conclusion applies despite the retroactivity of a subsequent amendment to a relevant guideline utilized to determine the defendant's sentence.

In an unpublished opinion, the Sixth Circuit applied Peveler to hold that two defendants who entered guilty pleas to crack cocaine charges under Rule 11(c)(1)(C) in return for specific sentences were not entitled to receive sentence reductions under Amendment 706. United States v. Goins, 2009 WL 4251050 at *2 (6th Cir. Nov. 20, 2009). Other courts have issued similar opinions. See e.g. United States v. Scurlark, 560 F.3d 839, 841-843 (8th Cir. 2009) (relying in part on Peveler); United States v. Bride, 581 F.3d 888, 891(9th Cir. 2009); United States v. Keith, 328 Fed. Appx. 112, 114-116 (3rd Cir. 2009); United States v. Clayborn, 322 Fed. Appx. 99, 100 (3rd Cir. 2009); United States v. Gage, 315 Fed. Appx. 48, 50-53 (10th Cir. 2009); United States v. Hines, 2008 WL 2169516 at **2-3 (E.D. Tenn. May 22, 2008).

Based on these cases, the Court finds that it does not have authority to grant Batts a sentence reduction under § 3582(c)(2) due to Amendment 706 because he agreed to a specific sentence in his binding plea agreement with the Government, which the Court accepted and followed. Accordingly,

(1) Batts' Petition For Reduction In Sentencing (Docket Entry No. 1) is construed as a motion for a sentence reduction brought under 18 U.S.C. § 3582(c) and such motion is hereby DENIED; (2) Batts' Motion To Determine Status of Case (Docket Entry No. 11) and Motion To Ascertain (Docket Entry No. 15) are hereby DENIED AS MOOT;

(3) This case is hereby DISMISSED WITH PREJUDICE; and

(4) Entry of this Order on the docket shall constitute entry of final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE